GLR/byk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOAN E. JORDAN,

        Plaintiff,

v.                                   Civil No. 05-2190-KHV/GLR

DILLARDS, INC.,

        Defendant.

## <u>MEMORANDUM AND O R D E R</u>

This matter is before the Court on Defendant's Motion to Compel Plaintiff to Produce Documents Responsive to First Request for Production of Documents (doc. 62).  Defendant requests that the Court compel Plaintiff to produce (1) all handwritten notes she made during her employment at Dillard's, including all handwritten notes used to compile her "diary" and to prepare for her deposition, (2) all email correspondence to and from her daughter in any way concerning Plaintiff's employment at Dillard's or compilation of the diary concerning Plaintiff's employment at Dillard's or otherwise about Plaintiff's claims against Dillard's; (3) Plaintiff's hard drive for inspection by Dillard's, (4) all versions and drafts of the diary produced by Plaintiff and marked as Exhibit 3 of her deposition and (5) all of Plaintiff's state and federal tax returns, including attachments, for the year 2005 and moving forward until the conclusion of this litigation.  As explained below, the Court grants in part and denies in part the motion.

Defendant filed its Motion to Compel Plaintiff to Produce Documents Responsive to First Request for Production of Documents on July 17, 2006.  On July 21, 2006, Plaintiff's appointed counsel filed a motion for extension of time to respond to the motion.  The Court granted Plaintiff an extension until August 28, 2006, to file a response in opposition to the motion to compel.  Before the response was due, Plaintiff's counsel filed a motion for leave to withdraw as her attorney.  The Court granted the latter motion, and counsel for plaintiff has withdrawn.  To date, Plaintiff has not filed any response opposing Defendant's Motion to Compel.[1]

Upon consideration of Defendant specific discovery requests, the Court finds Defendant's requests for handwritten notes Plaintiff made during her employment at Dillard's, email correspondence to and from Plaintiff's daughter in any way concerning Plaintiff's employment at Dillard's or compilation of the diary concerning Plaintiff's employment at Dillard's or claims against Dillard's, and all versions and drafts of the diary produced by Plaintiff and marked as Exhibit 3 of her deposition appear to seek relevant information and do not appear overly broad on their face.  Defendant's requests for Plaintiff's computer hard drive and 2005 and future tax returns require closer examination by the Court.

Defendant requests that the Court compel production of Plaintiff's computer hard drive for its inspection.  Defendant has provided no justification for so broad or invasive a

---

[1]*See* D. Kan. Rule 7.4 ("If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.")

2

request.  Nor has it shown any likelihood that the request is reasonably calculated to lead to the discovery of admissible evidence.  The Court denies the motion to require its production.

With regard to the request for Plaintiff's 2005 and future tax returns, the Court finds that Defendant has met its burden of showing relevancy for Plaintiff's 2005 tax returns.  Although no absolute privilege exists preventing the discovery of tax returns, this district has developed a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns.[2]  Under this test, the court must first find that the returns are relevant to the subject matter of the action.[3]  Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.[4]  The party seeking production has the burden of showing relevancy.  When it has done so, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable.[5]

Defendant argues that the 2005 tax returns are relevant to the subject matter of this action in that they go directly to Plaintiff's alleged damages and her obligation to mitigate.  Defendant further argues the 2005 tax returns are the only means available to insure the integrity of information Plaintiff has provided about her earnings since leaving Defendant's employ in 2005 and that she has failed to identify any alternative source of this information.

---

[2]*Hilt v. SFC, Inc.*, 170 F.R.D. 187, 188-89 (D. Kan. 1997).

[3]*Id.* at 189.

[4]*Id.*

[5]*Id.*

The Court finds that Defendant has shown the relevancy of Plaintiff's 2005 federal and state tax returns.  The burden thus shifts to Plaintiff to show that other sources exist from which the information is readily obtainable.  Plaintiff has failed to meet her burden to identify any other sources from which Defendant could corroborate her earnings since leaving its employ.  The Court will therefore grant Defendant's Motion to Compel production of Plaintiff's 2005 tax returns and attachments.  The Court declines to order Plaintiff to produce her 2006 tax returns.  That request is premature.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Compel Plaintiff to Produce Documents Responsive to First Request for Production of Documents (doc. 62) is granted in part and denied in part.  No later than **October 20, 2006**, Plaintiff shall serve Defendant with copies of, or make available for inspection, the following documents:  (1) all handwritten notes Plaintiff made during her employment at Dillard's, including all handwritten notes used to compile her "diary" and to prepare for her deposition, (2) all email correspondence to and from Plaintiff's daughter in any way concerning Plaintiff's employment at Dillard's or compilation of the diary concerning Plaintiff's employment at Dillard's or otherwise about Plaintiff's claims against Dillard's; (3) all versions and drafts of the diary produced by Plaintiff and marked as Exhibit 3 of her deposition, and (4) Plaintiff's 2005 state and federal tax returns, including attachments.  The motion is otherwise denied.

**IT IS FURTHER ORDER THAT** each party to bear their own costs associated with this motion.

4

Dated in Kansas City, Kansas on this 5th day of October, 2006.


s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc:     All counsel and *pro se* parties