## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOAN E. JORDAN,

        Plaintiff,

v.                                                                              Civil No. 05-2190-KHV/GLR

DILLARDS, INC.,

        Defendant.

## MEMORANDUM AND ORDER

The Court has before it four motions: Motion to the Courts to Enforce Settlement Agreement (doc. 80); Motion to Withdraw Document (80) Eighty from Public Record and from the Courts (doc. 82); Motion for Courts to Review Findings to Order Defendant to Pay Penalty for Late Payment (doc. 84); and Dillard's Motion to Effectuate Settlement Through Dismissal (doc. 88). These motions all relate to the timeliness of performing the agreement of the parties to settle this case.

Defendant does not oppose the motion by plaintiff to withdraw her first motion. The Court will therefore sustain the motion to withdraw (doc. 80) and finds it to be moot.

The remaining two motions arise from the efforts of the parties to perform their contract for settlement. It provided for defendant to pay plaintiff a specified amount of money in exchange for a release of her claim(s) against defendant and for a stipulated dismissal of this case. Plaintiff did execute a Settlement Agreement and Mutual Release of

All Claims. She also signed a Stipulation of Dismissal With Prejudice. In return defendant sent plaintiff its check to complete its obligation of settlement.

The dispute raised by the two remaining motions arises over a narrow issue: whether transmittal of the settlement check by defendant to plaintiff was timely or delinquent under the terms of their agreement. Plaintiff contends defendant was late in taking fifteen days, when their agreement required payment within ten days of receipt of executed copies of their agreement. Plaintiff asks the Court to penalize defendant for its tardiness. In response, defendant denies the alleged untimeliness of its payment. It asks the Court to give effect to the settlement and dismiss the case.

The Court will first address its jurisdiction, an issue not addressed by the parties. Plaintiff does not contend that defendant has failed to perform the contract, only that its performance was untimely and that the Court should therefore impose a penalty. If plaintiff and defendant have fully performed the contract, however, the question of a penalty appears to be collateral and independent of this action, which involves the claims of plaintiff for alleged discrimination in her employment. Plaintiff does not contest the validity of the settlement. She does not seek to rescind it. Nor does she point to any part of the contract that has not been performed. She merely asks that, in addition to the settlement, the Court impose a civil penalty for untimeliness. In essence she claims a breach of the settlement contract, which the Court views as a separate action under Kansas common law and requiring a basis for subject-matter jurisdiction independent of the underlying law suit. The Court finds nothing in the briefing of either party to suggest that the settlement agreement requires

any further performance by either party. Plaintiff *pro se* and defense counsel have signed a "Stipulation of Dismissal With Prejudice" (Tab 3 to doc. 88). Apparently no further action remains for the parties to perform in this case, either as to the underlying claims of plaintiff or as to the execution of their settlement agreement. Nothing remains, but for the Court to enter an Order of Dismissal.

Conversely, the instant motions do not raise a question of whether or not the parties have in fact entered into a settlement agreement. Nor do they raise a question of whether an executed settlement agreement should be rescinded or otherwise held to be unenforceable. Those kinds of questions, of course, would be incidental to the underlying law suit. The Court would need to decide such questions, in order to know whether the case is to proceed to trial or whether it indeed has settled. In the present case, however, both parties recognize the case is settled. In her response to the motion of defendant, plaintiff acknowledges, "I do not have to insult or punish the Defendants (sic) Dillard's, I have already won the lawsuit!."

For the foregoing reasons the Court finds it does not have subject-matter jurisdiction over the issue of penalty and will therefore overrule it as moot. The Court will sustain the motion of defendant to give effect to the settlement through dismissal of this case.

Its rulings aside, the Court will nevertheless make two observations: First, both parties have attached to their respective motions a copy of their settlement agreement. Neither party, however, has pointed to any provision for a penalty. The Court otherwise finds no such provision in the agreement. Nor has plaintiff invoked any statute that would authorize a penalty for allegedly untimely delivery of a settlement payment. A Court does not impose

a civil penalty without some specific authority for it, either by statute or by agreement of the parties. The requirement for delivery of a settlement check within ten days appears to serve a simple purpose of starting the time within which plaintiff might otherwise seek rescission or other remedy for untimely performance. But the Court in any event would be hard pressed to find any authority or premise for imposing a penalty, as plaintiff requests.

Second, having reviewed the briefing and exhibits of the parties, the Court would hardly find any untimeliness in the delivery of the settlement check. The agreement provides *inter alia* that:

> The parties agree that Dillard's will mail this payment to Jordan's home address of 2538 N. 73rd Terrace, Kansas City, Kansas 66109 within ten days receipt of two original executed copies of this Agreement.

Plaintiff executed the agreement November 29, 2006. An attorney, not of record, mailed the agreement to defense counsel under cover of a letter dated November 29, 2006. The affidavit of defense counsel states that she received the correspondence, including the "executed originals" of the settlement agreement and release on December 1, 2006. The affidavit further discloses that defense counsel received confirmation from her client on December 11, 2006, that the payment had been mailed to plaintiff. Plaintiff attached to her response a copy of the envelope, showing a return address for Dillard's and postmarked "Dec 11 '06." In her response plaintiff notes, "The check arrived regular mail on December 13th postmarked December 11th . . . ." Plaintiff complains this was 13, rather than 10 days. The settlement agreement, however, does not provide that plaintiff receive the check within 10 days, only that defendant "will mail this payment" within ten days. (Underscoring added.) In counting

4

days, the Court generally excludes the first and includes the last day. By this calculation defendant in fact timely sent the settlement check to plaintiff. The Court finds no breach of the settlement agreement. Nor does it find any factual basis for a penalty.

For the reasons stated herein the Court will overrule the motion of plaintiff for a penalty. It will sustain the motion of defendant to effect the settlement by a separate order of dismissal.

In summary, the Court rules the Motion to the Courts to Enforce Settlement Agreement (doc.80) to be withdrawn and therefore moot. The Court thus sustains the Motion to Withdraw Document (80) Eighty from Public Record and from the Courts (doc. 82). The Court finds it is without subject matter jurisdiction of the Motion for Courts to Review Findings to Order Defendant to Pay Penalty for Late Payment (doc. 84) and therefore deems it to be moot. The Court sustains Dillard's Motion to Effectuate Settlement Through Dismissal (doc.88). Defendant should promptly submit an Order of Dismissal for the Court to enter.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 22nd day of March, 2007.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc:   All counsel and *pro se* parties